IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


FRANK J. CUMMINS, JR.                                                                    PLAINTIFF

v.                                     Case No. 3:17-cv-270 JTK

NANCY A. BERRYHILL, *Acting Commissioner*,
Social Security Administration                                              DEFENDANT


## **ORDER**


BEFORE THE COURT is Defendant's Motion to Dismiss (DE #12). For the reasons that follow, the motion is granted.

On August 28, 2015, in Case No. 3:14-cv-288 BD, the Court reversed and remanded the decision of the Commissioner for further proceedings. Following those proceedings on June 3, 2016, the Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for benefits. Plaintiff filed exceptions to the ALJ's decision on or about August 1, 2016. The Appeals Council requested that Plaintiff provide proof that his exceptions were timely on September 20, 2016. On October 11, 2016, Plaintiff acknowledged that the exceptions were not timely filed. Thereafter, the Appeals Council advised Plaintiff on December 2, 2016, that it would not consider Plaintiff's exceptions. Plaintiff then filed this federal action on October 10, 2017. In response, Defendant filed a Motion to Dismiss and Memorandum in Support of Motion to Dismiss (Doc. Nos. 12, 13). Plaintiff filed an untimely response to the motion. For the reasons that follow, the Motion is granted.

Under Social Security regulations, "[w]hen a Federal Court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an [ALJ] with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 404.983. If a claimant disagrees with the ALJ's new decision after remand from the federal court, he may file exceptions with the Appeals Council. *See* 20 C.F.R. § 404.984(b)(1). At any time within the sixty (60) days after the date of the decision of the ALJ, the Appeals Council may decide to assume jurisdiction *sua sponte*, 20 C.F.R. § 404.984(c), but if the claimant files no exceptions and the Appeals Council does not otherwise assume jurisdiction, the decision of the ALJ becomes the final decision of the Commissioner, 20 C.F.R. § 404.984(d). The claimant must appeal the final decision of the Commissioner within sixty days "after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

In this instance, Plaintiff filed untimely exceptions to the ALJ's June 3, 2016, decision, and that decision became the final decision of the Commissioner on the 60th day after the decision (Doc. No. 13-1, at p. 7). The Notice of Decision - Unfavorable stated in part that:

> You must file your written exceptions with the Appeals Council **within 30 days** of the date you get this notice. . . . If you need more time to file your written exceptions, you must file a written request with the Appeals Council. . . within 30 days of the date you get this notice.
>
> . . .
>
> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice.

*See* 20 C.F.R. § 404.984(b) - (d).  Because Plaintiff did not submit timely written exceptions and the Appeals Council did not assume jurisdiction, the ALJ's decision became the final decision of the Commissioner on August 3, 2016—the 61st day following June 3, 2016.  The Notice of Decision - Unfavorable stated further that:

> After my decision becomes final, you will have 60 days to file a new civil action in Federal district court.  You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final.  However, you can ask the Appeals Council to give you more time to file a civil action.  The Appeals Council will grant your request for more time only if you can show good reason for needing more time.  We will not send you any more notices about your right to file in Federal district court.

(Doc. No. 13-1, at p. 7); *see also* 42 U.S.C. § 405(g).  Sixty days after the decision became final (August 3, 2016) was Sunday, October 2, 2016; thus, Plaintiff had until October 3, 2016, to file his civil action. The instant action was filed on October 10, 2017.

The United States Supreme Court has established that the sixty-day time period is not jurisdictional, but rather constitutes a statute of limitation.  *Bowen v. City of New York*, 476 U.S. 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)).  "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  *Id.* at 481.  It is well-established that failure to comply with the sixty-day limitation warrants dismissal.  *See Bess*, *supra*; *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988).  The sixty-day period may, however, be equitably tolled by either the Commissioner or the courts. *See Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986).  "Equitable tolling is premised on the excusable neglect of the filing party." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir.

1998) (internal quotation and citations omitted).  Tolling has been limited to situations involving "conduct (by someone other than the claimant) that is misleading or fraudulent."  *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise [his] rights by acting in a misleading or a clandestine way." *Id.* (quoting *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir. 1988)). There was no evidence that the government took any action to mislead Cummins or otherwise prevent him from pursuing a timely appeal. "Ignorance of legal rights does not toll a statute of limitations." *Id.* (quoting *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 510 (8th Cir. 1979)).

Accordingly, for the reasons set forth above, the Court grants the Defendant's Motion to Dismiss (Doc. No. 12).

SO ORDERED this 6th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

4